UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

AVIA MARSHEA YOUNG,

    Plaintiff,

v.

MIREILLE LOPEZ-HUMES,
NATIONAL CREDIT SYSTEMS
MARYLAND, INC.
*d/b/a National Credit Systems, Inc.* and
786 PROPERTY MANAGEMENT, INC.
*d/b/a Real Property Management Capital*,

    Defendants.

Civil Action No. TDC-24-0452

**MEMORANDUM OPINION**

On October 7, 2022, Plaintiff Avia Marshea Young filed a civil action in the Circuit Court for Prince George's County, Maryland ("the state court") against Defendants Mireille Lopez-Humes, National Credit Systems Maryland, Inc. d/b/a National Credit Systems, Inc. ("NCS"), and 786 Property Management, Inc. d/b/a Real Property Management Capital, Inc. ("RPM"), in which she alleged violations of federal and state fair credit reporting and consumer protection statutes, as well as state common law claims, arising out of her tenancy at a residential unit owned by Lopez-Humes. On February 3, 2024, Young filed an Amended Complaint in the state court. On February 15, 2024, RPM, joined by all other Defendants, removed the case to this Court. On March 8, 2024, the Court granted RPM's Motion to Voluntarily Remand the Case.

On March 15, 2024, with leave of the Court, Young filed the present Motion for Modification of the Order of Remand to Require Payment of Plaintiff's Actual Expenses and Attorney's Fees ("the Motion"), ECF No. 28, which is fully briefed. Having reviewed the

submitted materials, the Court finds that no hearing is necessary. *See* D. Md. Local R. 105.6. For the reasons set forth below, the Motion will be GRANTED.

## BACKGROUND

On October 7, 2022, Young filed the original Complaint in her case in state court in which she generally alleged that: she rented a residential unit from Lopez-Humes which was managed by RPM, a property management company; after Lopez-Humes failed to address mold in the unit that caused her to become ill and have to relocate elsewhere, she withheld rent; RPM sent her correspondence demanding payment of the withheld rent and late fees and threatening to send the matter to a collection attorney; and RPM then assigned the debt to NCS, which threatened to and then did report Young's non-payment to credit reporting agencies. Specifically, Young alleged eight causes of action in the following numbered counts: in Count 1, a claim of negligence against Lopez-Humes; in Count 2, a claim of breach of warranty against Lopez-Humes; in Count 3, a claim of breach of contract against Lopez-Humes; in Count 4, a claim of tortious breach against Lopez-Humes; in Count 5, violations of the Maryland Consumer Protection Act ("MCPA"), Md. Code Ann., Com. Law §§ 13–101 to 13–501 (West 2013), against all Defendants; in Count 6, violations of the Maryland Consumer Debt Collection Act ("MCDCA"), Md. Code Ann., Com. Law §§ 14–201 to 14–204, against RPM and NCS; in Count 7, violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692–1692p (2018), against RPM and NCS; and in Count 8, violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681–1681x, against NCS.

State court proceedings continued for over a year. The state court docket shows that each Defendant filed an Answer to the original Complaint, with RPM's Answer filed on July 6, 2023,

2

and that discovery commenced as early as March 2023. On November 27, 2023, the state court scheduled a three-day trial in the case to begin on April 2, 2024.

On February 3, 2024, while discovery was ongoing, Young filed an Amended Complaint, asserted the same claims in the same numbered counts, but added certain factual background relating to RPM's involvement in the relevant events. The Amended Complaint also modified the roster of defendants subject to certain counts: RPM was added as a defendant on the state common law claims in Counts 1 through 4; Lopez-Humes was added as a defendant on the MCDCA claim in Count 6; and RPM was removed as a defendant on the FDCPA claim in Count 7. The Amended Complaint left unchanged the defendants associated with Counts 5 and 8.

On February 15, 2024, Young's counsel, Quinn V. Breece, conducted a deposition of RPM's corporate designee. With the knowledge and consent of defense counsel, Breece was scheduled to conduct a deposition of Lopez-Humes the next day, on February 16, 2024.

Later on February 15, 2024, however, RPM filed a Notice of Removal ("the Notice"), in which all Defendants joined, based on federal question jurisdiction. In the Notice, RPM stated that it was filed within 30 days of service of the Amended Complaint, and that the right to remove was "revived in this case because the Amended Complaint 'fundamentally alters' the complexion of the case to such a degree that the amended complaint creates 'an essentially new lawsuit' thus 'reviving' the right to removal." Notice ¶ 7, ECF No. 1 (quoting *Dunn v. Gaiam, Inc.*, 166 F. Supp. 2d 1273, 1279 (C.D. Cal. 2001)). On February 29, 2024, Defendants filed a Joint Statement of Removal further articulating their argument that removal was timely. On March 1, 2024, after conducting a Case Management Conference with the parties, the Court issued an Order in which it granted Young leave to file a Motion to Remand by March 14, 2024. ECF No. 21.

3

On March 7, 2024, RPM filed a Motion to Voluntarily Remand the Case. ECF No. 22. In a March 8, 2024 Order ("the Remand Order"), the Court granted that motion and remanded the case to the state court. In a March 12, 2024 Order, at Young's request, the Court reopened the case, suspended remand of the case, and granted Young leave to file the present Motion.

## DISCUSSION

In the Motion, Young requests a modification of the Remand Order to require Defendants to pay Young's attorney's fees and costs associated with the removal of this case because Defendants lacked an objectively reasonable basis for removal, and the circumstances justify an award of costs and expenses. Defendants oppose the Motion.

### I.  Legal Standard

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c) (2018). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

### II.  "Objectively Reasonable Basis"

Young argues that Defendants lacked an objectively reasonable basis for removal because the case was plainly removable based on federal question jurisdiction when the original Complaint was filed on October 7, 2022, that Defendants failed to remove the case within the 30-day statutory time limit, and that the "revival exception" relied upon by Defendants is inapplicable to the facts of the case. Mot. Mod. Remand at 7, ECF No. 28-2. Defendants argue that it was reasonable to remove the Amended Complaint based on this revival exception.

### A. Timeliness

As relevant here, a "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant" of "a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). If the initial pleading is not removable, "a notice of removal may be filed within 30 days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(3). Although in the Joint Statement of Removal, Defendants made effectively frivolous arguments that the allegations relating to the two federal claims asserted in the original Complaint were not sufficiently robust to warrant removal, in their brief on the Motion they do not dispute that the original Complaint was immediately removable based on those two federal claims, and that no defendant acted to remove the case within the 30-day time limit for removal, which expired no later than May 24, 2023. They therefore do not claim that the right to removal was first ascertainable upon the filing of the Amended Complaint in February 2024. Thus, in arguing that they had an objectively reasonable basis to remove this case on February 15, 2024, Defendants rely entirely on the claim that their right to removal of the Amended Complaint was based on the "revival exception" referenced only in certain case law. Opp'n at 4, ECF No. 29-1.

### B. The "Revival Exception"

The "revival exception" referenced by Defendants appears nowhere in the federal statutes relating to removal and has never been adopted or applied by the United States Court of Appeals for the Fourth Circuit. Rather, Defendants cite only a handful of cases that have referenced such an exception, and in only two of those cited cases did the court actually permit removal.

5

The clearest formulation of such an exception is articulated in *Wilson v. Intercollegiate (Big Ten) Conference Athletic Association*, 668 F.2d 962 (7th Cir. 1982), which stated that an exception to the 30-day deadline for removal may be available "where the plaintiff files an amended complaint that so changes the nature of his action as to constitute 'substantially a new suit begun that day.'" *Id.* at 965 (quoting *Fletcher v. Hamlet*, 116 U.S. 408, 410 (1886)). *Wilson* further stated that this exception may apply:

> [W]here a plaintiff, seeking to mislead the defendant about the true nature of [the] suit and thereby dissuade [the defendant] from removing it, included in [the] initial complaint filed in state court an inconsequential but removable federal count unlikely to induce removal and then, after the time for removal had passed without action by the defendant, amended the complaint to add the true and weighty federal grounds that [the plaintiff] had been holding back.

*Id.* In *Wilson*, in which the original complaint alleged that restrictions on a college student athlete's ability to transfer to another university violated equal protection and due process rights under the federal and state constitutions, the court found that this exception did not apply because although the amended complaint added new federal claims under the First Amendment and the Full Faith and Credit Clause of the Constitution, Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 (2018), and an Illinois antitrust statute, those amendments "did not change the original complaint so drastically that the purposes of the 30-day limitation would not be served by enforcing it." *Wilson*, 668 F.2d at 964, 966. Likewise, in *Dunn v. Gaiam, Inc.*, 166 F. Supp. 2d 1273 (C.D. Cal. 2001), cited by Defendants, the court described this "revival exception" as "of an exceedingly narrow scope" and declined to apply it because it found that the amended complaint did not establish "substantially a new suit," even though it added a claim under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 (2018), to a breach of contract claim relating to a licensing agreements for videotapes. *Dunn*, 166 F. Supp. 2d at 1279-80.

6

Defendants have cited only two instances, one dating back almost 100 years, in which this revival exception has provided a basis for an otherwise untimely removal. In *Henderson v. Midwest Refining Co.*, 43 F.2d 23 (10th Cir. 1930), in which the original petition was a suit in equity between two companies over which one had a valid oil lease for a parcel of land with the rights valued at approximately $2 million, *id.* at 24, the court found that the amended petition "in effect, was the institution of a new suit" and "an abandonment of the original for a new cause of action" where it alleged for the first time a conspiracy between one of the companies and the Board of School Land Commissioners, a governmental entity, to defraud the other company and was pleaded as an action at law with damages of up to $10 million. *Id.* at 24-25. In *Johnson v. Heublein Inc.*, 227 F.3d 236 (5th Cir. 2000), in which the two original plaintiffs' initial complaint alleged that five defendants were liable for defaulted promissory notes and the conversion of a piece of equipment, the court applied the revival exception where in the amended complaint, the two original plaintiffs joined with two of the original defendants to file a suit against the other three original defendants that added new claims, including fraud and bad faith breach of contract. *Id.* at 238-39. The court found that the untimely removal was permissible because the amended complaint bore "no resemblance whatsoever to the allegations" in the original complaint, the "parties to the original action are now aligned in a completely different manner," and the "amended complaint starts a virtually new, more complex, and substantial case" against the defendants "upon which no significant proceedings have been held." *Id.* at 242.

In the only other federal circuit case identified by the Court in which the revival exception was applied, *Cliett v. Scott*, 233 F.2d 269 (5th Cir. 1956), the initial petition sought recovery of funds paid by the plaintiffs to the defendants in relation to a 700-acre property for which the parties had been deemed joint owners, *id.* at 269-70, but in the amended petition, the plaintiffs added a

claim "in trespass to try title" and thus sought to take full control over the ownership of the property, which the court deemed to be "an entirely new and different cause of action." *Id.* at 270-71.

Against this backdrop, in which Defendants have identified only one actual application of the revival exception in the past 60 years, there is no objectively reasonable basis to argue that the Amended Complaint changed "the original complaint so drastically" that it constituted "substantially a new suit begun that day." *Wilson*, 668 F.2d at 965-66. The Amended Complaint was filed by the same, sole plaintiff, named the same three defendants as in the original Complaint, and largely repeated the same allegations. The underlying factual bases for both the original Complaint and the Amended Complaint are substantially the same: Young seeks relief against the same three parties based on her claims that she was forced to vacate her townhouse due to the presence of active mold issues, and that Defendants collectively used threats as part of their efforts to collect withheld rent and reported her failure to pay to credit reporting agencies. The Amended Complaint did not increase the stated amount of damages sought. The only notable differences are that the Amended Complaint added a limited number of new factual allegations more closely tying RPM to Lopez-Humes and the communications with Young about the rent dispute, including the assertion that RPM had claimed that it had acquired ownership of the lease at some point, and that it thus added RPM as a defendant in the negligence, breach of contract, and related state common law claims. However, where the original Complaint had already identified RPM as an agent of Lopez-Humes for purposes of the lease, and it had already described direct, threatening communications by RPM to Young in relation to the unpaid rent, the new factual details and addition of RPM as a defendant in certain claims cannot reasonably be characterized as having so changed the nature of the suit "as to constitute substantially a new suit begun that day." *Id.* at 964-

66 (finding that this standard was not met despite the addition of multiple additional claims and legal theories against the defendant). These limited changes come nowhere close to the range of the fundamental alterations to the complaint that have met this standard, which consist of changing the status of certain parties from defendants to plaintiffs, *Johnson*, 227 F.3d at 242; transforming a monetary dispute between joint land owners into an action by one party to take full ownership of the property, *Cliett*, 233 F.2d at 269-70; and expanding a private dispute relating to leases into a claim of a fraud conspiracy implicating a governmental entity as a new defendant, *Henderson*, 43 F.2d at 24-25. If the standard amendments at issue here, which are consistent with the kind of amendments that frequently occur when new factual details are uncovered in discovery, can be deemed to create an entirely new lawsuit, then the right to remove would be revived upon virtually any substantive amendment to the complaint. Thus, Defendants' claim that the Amended Complaint effectively created a new lawsuit was objectively unreasonable.

As for the other arguable basis to apply the revival exception, there is absolutely no reasonable basis to argue that Young sought to mislead Defendants by holding back "the true and weighty federal grounds" until after the deadline for removal had expired. *See Wilson*, 668 F.2d at 965. Significantly, in the Amended Complaint, Young actually removed RPM as a defendant on the FDCPA claim in Count 7, the only federal claim originally asserted against RPM, and added no new federal claims against any defendant.

Where Defendants' invocation of the revival exception was objectively unreasonable under the facts of this case, the Court may award attorney's fees and costs under § 1447(c). *Martin*, 546 U.S. at 141.

### C.     Attorney's Fees and Costs

Although the Court may award attorney's fees and costs when there was no objectively reasonable basis for removal, it retains discretion on whether to do so in such a case. *See* 28 U.S.C. § 1447(c); *Martin*, 546 U.S. at 141. In *Martin*, the United States Supreme Court stated that the "appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Martin*, 546 U.S. at 140. A court may also consider whether the defendants "attempted to remove th[e] action in order to delay and interrupt" the case. *See Common Cause v. Lewis*, 956 F.3d 246, 257 (4th Cir. 2020).

Here, beyond the lack of an objectively reasonable basis to remove this case, the Court finds that the circumstances of the notice of removal plainly, and likely intentionally, prolonged the litigation. The case was removed on February 15, 2024, immediately after the deposition of RPM's corporate designee, one day before the deposition of Lopez-Humes was scheduled to occur, and only six weeks before the trial date of April 2, 2024. The removal thus effectively prevented the deposition of a defendant and blocked the trial from occurring as scheduled. Indeed, counsel for Lopez-Humes stated in an email sent to Young's counsel at 4:51 p.m. on February 15, 2024 that RPM had filed a Notice of Removal, and that the removal would divest the state court of jurisdiction such that Lopez-Humes would not appear at the scheduled deposition the next day. Because Defendants had no objectively reasonable basis for the removal, and the timing of the removal supports the inference that it was "for the purpose of prolonging litigation and imposing costs on the opposing party," the Court will grant the request for attorney's fees and costs pursuant to 28 U.S.C. § 1447(c). *See Martin*, 546 U.S. at 140.

Even where an award of attorney's fees and costs is justified under § 1447(c), the plaintiff must "provide sufficient evidence for the Court to comply with the requirement that an award of fees be reasonable." *Hyatt v. Johns*, No. GJH-16-2912, 2016 WL 8673870, at *3 (D. Md. Oct. 14, 2016) (citing *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009) (listing the factors a court must consider in determining the reasonableness of an award)). In *Hyatt*, the court remanded the case to the state court while retaining jurisdiction "over the collateral issue of costs and attorney's fees under § 1447(c) for improper removal." *Id.* at *4. Although Young has provided the Court with invoices supporting the costs associated with the canceled Lopez-Humes deposition, and has provided correspondence stating that her counsel incurred $1,500 in attorney's fees up to the drafting of the Motion to Remand, Young has not provided specific documentation relating to those fees and has not quantified and documented any additional fees associated with drafting the present Motion. Where this case could soon proceed to trial in the state court, the Court will remand the case promptly, but it will retain jurisdiction for the limited purpose of confirming and awarding reasonable attorney's fees and costs under § 1447(c). *See id.*

## CONCLUSION

For the foregoing reasons, Young's Motion for Modification of the Order of Remand to Require Payment of Plaintiff's Actual Expenses and Attorney's Fees will be GRANTED. A separate Order shall issue.

Date: April 16, 2024

THEODORE D. CHUANG
United States District Judge